## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF:                    :          C.A. 02-4646

GREAT AMERICA LEASING                :
CORPORATION

                                     :

**APPELLANT'S, GREAT AMERICA LEASING CORPORATION,**
**BRIEF IN SUPPORT OF ITS APPEAL FROM**
**BANKRUPTCY COURT ORDER OF JUNE 12, 2002**

Joann Needleman, Esq
JOANN NEEDLEMAN, P.C.
935 One Penn Center
Philadelphia, Pa 19103
215-665-1133
  *Attorney for Appellant,*
  *Great American Leasing Corp.*

Date: July 30, 2002

# TABLE OF CONTENTS

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

LIST OF ITEMS ON THE RECORD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    I)      STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    II)     DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

          A)    The Bankruptcy Court had Jurisdiction
                to hear Appellant's Motion. . . . . . . . . . . . . . . . . . . . . . . . . (11);

          B)    The Stipulation Provided that the Bankruptcy Court would retain
                Jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .(12)

          C)     Appellant was Prejudiced by the Bankruptcy Court's Failure to Hear
                Appellant's Motion to Modify Stipulation. . . . . . . . . . . . . . .(13)


    III)    RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

**CASES**

In re Bertoli, 58 Bankr.992 (D.N.J. 1986) aff'd 812 . . . . . . . . . . . . . . . . . . . . . . . . . 12

In re B.S. Livingston & Co., Inc., 186 B.R. 841 (N.J. 1995) . . . . . . . . . . . . . . . . . . . . . 3, 15

In re Marcus Hook . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

In re Marcus Hook Development Park, Inc., 943 F.2d 261 (3d Cir. 1991 . . . . . . . . . 12, 13

In re Oakes, 129 Bankr.477 (Bankr.N.D. Ohio. 1991) . . . . . . . . . . . . . . . . . . . . . 14, 15

In re Pacor, Inc 743 F.2d 984 (3d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

In re Vertientes, 845 F.2d 57 (3d. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

J.P. Fyfe, Inc of Florida v. Bradco Supply Corp., 891 F.2d 66 (3d Cir. 1989) . . . . . . . . . 12

Maislin Industries, U.S. Inc., v. A.J. Hollander, 69 Bankr. 771 (E.D. Mich. 1986) . . . . . 15

Matter of Glen Properties, 168 Bankr. 537 (D.N.J. 1993) . . . . . . . . . . . . . . . . . . . . . . 12

Matter of Nebel, 175 Bankr. 306 (Bankr.D. Neb. 1994) . . . . . . . . . . . . . . . . . . . . . . . 15

Sosna v. Iowa, 419 U.S. 393 (1975 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## LIST OF ITEMS ON THE RECORD

RECORD #1……..………..………..…………..…….Order and Stipulation dated
December 5, 2001

RECORD #2……..………..…………..………..…….Great America Leasing
Corporation's Motion for
Modification of Stipulation

RECORD #3…………………………………..……….Order of Judge Sigmund dated
June 12, 2002

## STATEMENT OF FACTS

Appellant, Great America Leasing Corporation, is and was the holder of an Equipment Lease Agreement, ("Lease Agreement") dated November 8, 1999, in which Wilmington Hospital LLC, (hereinafter referred to as the "Debtor") was the lessee. (See Exhibit A of Record #2). Said lessee was for kitchen equipment, (hereinafter referred to as the "Equipment"). Pursuant to Paragraph ¶14 of the Lease Agreement, Debtor granted to Appellant a security interest in all equipment and a UCC-1 was filed evidencing same. The equipment in question is located at the Radisson Hotel, 401 Airport Road, New Castle, Delaware, (hereinafter referred to as the "Subject Premises"), which at the time, the Subject Premises was owned by the Debtor.

Debtor filed bankruptcy under Chapter 11 on or about June 29, 2001. At the time of Debtor's bankruptcy, no payments had been paid on the Lease Agreement. On or about July 18, 2001, Appellant filed a Motion from Relief from the Automatic Stay, which referenced a copy of Appellant's Lease with Schedule A. ( See Exhibit B of Record #2). On or about, October 1, 2001, Debtor consented to an Order for Relief in favor of Appellant and permitting Appellant the right to retrieve its equipment on the Subject Premises. (See Exhibit C of Record #2) .

On or about December 4, 2001, Debtor and its secured creditor, Republic Bank, entered into a Stipulation and Settlement, (hereinafter referred to as the "Stipulation") which was approved by the Bankruptcy Court. (See Record #1). Paragraph ¶6 of the Stipulation states in part that in the event Joseph Capano and/or Albert Veitri, principals of Debtor,

Wilmington Hospitality, LLC, failed to deliver to the Bank's Escrow Agent the sum of $350,000.00 by December 1, 2001, Republic Bank would take ownership of the Subject Premises as well as an adjacent parcel of land. Republic Bank would also record a deed in lieu of foreclosure and otherwise proceed to exercise all of its rights and remedies under the Note and Deed, however the bank would not obtain title to Appellant's equipment.

(See Record #1). [1]

Pursuant to paragraph ¶6 of the Stipulation:

> If Republic [Bank] records the Hotel Deed, then Republic shall have ten (10) days from the date of recordation to advise WH and counsel for GLC whether Republic (in its sole and absolute discretion) will be paying-off the GLC Lease. In the event that Republic (in its sole discretion) elects not to assume/payoff the GLC Lease, then WH and/or GLC (at the election of GLC) shall remove the Kitchen Equipment within twenty (20) days of a written request from Republic or thereafter, [otherwise] the Kitchen Equipment will be deemed abandoned to Republic (free and clear of any claims of GLC and WH). [2]

(See Record #1).

Furthermore and pursuant to the Stipulation, the Bankruptcy agreed to retained jurisdiction over the Stipulation. (See Record #1).

Despite various extensions of time by the Parties, Debtor was unable to deliver the sums to the Bank as stated in the Stipulation and on or about March 30, 2002, Republic Bank took possession and ownership of the Subject Premises.

------

[1] Appellant was not a party to the Stipulation and did not execute nor sign off on the document. However, its is clear that Appellant's rights and interests were effected by the Stipulation.

[2] The stipulation references "GLC" as Great America Leasing Corporation and "WH" as Wilmington Hospitality

Republic Bank elected not to pay of Appellant's Lease. Thereafter, Appellant and Republic Bank, believing that it was governed by the Stipulation attempted to negotiate a resolution for the removal of the equipment from the Subject Premises.[3]  On or about May 7, 2002, Republic Bank's counsel advised Appellant's counsel of its demand that the equipment be removed from the Subject Premises, and therefore under the terms of the Stipulation, Appellant had until May 27, 2002 to remove its equipment from the Subject Premises. (See Exhibit E of Record #2).  On or about May 13, 2002, Appellant's Counsel made formal written demand for access to the premises to remove the equipment. See Exhibit F of Record #2).

From May 23, 2002 until June 6, 2002, Republic Bank failed to provide Appellant with access to the Subject Premises in order to retrieve its Equipment. Instead, Republic Bank made outrageous demands upon the Appellant that would make it impossible to retrieve the Equipment, said demands were clearly outside the language of the Stipulation.  (See Exhibits #H through #J of Record #2).

Appellant was now in jeopardy of losing its rights in the Equipment pursuant to the Stipulation that in which both Appellant and Republic Bank were governed. The deadline for the removal of the Equipment was now June 14, 2002, and the parties were no closer to resolving the issue.

In an effort to relieve itself of this looming deadline, as well as to make the Bankruptcy

---

[3] Appellant did not act upon its Order for Relief immediately, pending numerous attempts by the Debtor to sell the property with assurances by future buyers that they would assume the lease. Those negotiations ultimately fell through resulting in Republic Bank taking over the Subject Premises.

Court aware of the failure of Republic Bank to abide by the Court approved Stipulation,

Appellant filed an Expedited Motion for Modification of the Stipulation on June 11, 2002. .

(See Record #2).

The Court did not grant a hearing, stating same would be unnecessary, and entered an

Order on June 12, 2002 stating that its did not have subject-matter jurisdiction over the matter.

(See Record #3). [4]

---

[4] It must be noted that the Judge's Order (Record #3) states a similar request was made upon the Court on or about May 15, 2002. In that instance Appellant sought clarification from the Court due to the fact that Joseph Capano and Albert Vietri were instant that they be the one to retrieve the equipment contrary to the language of the Stipulation. Due to their demands, Republic Bank would not even negotiate with Appellant until that issue was resolved. When the Court refused to entertain that motion based on its conclusion that it did not have jurisdiction, Republic Bank and Appellant were able to temporarily re-establish negotiations for the removal of the equipment. Said negotiations, as noted in this statement of facts, did not produce a resolution, resulting in Appellant filing its Modification Motion, partly due to the fact that Republic Bank was in direct violation of the Stipulation.

Thereafter, Debtor has filed its Disclosure Statement and Plan of Reorganization, which lists Appellant's Secured Claim as a Class 2 Claim which is impaired. Debtor notes Appellant's claim as an Allowed Secured Claim of $295,000.00; said claim to be paid by the Debtor upon return of the equipment with any deficiency claim being removed to a Class 4 Claim. [5]

---

[5] Appellant did not receive a copy of the Plan until after it filed its Appeal with the District Court. However, Appellant thinks it important this Court be aware of the Plan in its determination, as a matter of law, as to whether the Bankruptcy Court has subject matter jurisdiction.

## STATEMENT OF ISSUES PRESENTED

**ISSUE #1**

Did Judge Sigmund commit reversible error by her ruling that the Bankruptcy Court had no jurisdiction to hear Great America Leasing Corporation's Motion for Modification of Stipulation?

**ANSWER: YES**

**ISSUE #2**

Does this Bankruptcy Court have jurisdiction over the Stipulation and Settlement Agreement, approved by the Court on December 5, 2002, whereby the Stipulation and Settlement specifically stated that the Court would retain jurisdiction?

**ANSWER:  YES**

**ISSUE #3**

Does this Bankruptcy Court have jurisdiction over the Stipulation and Settlement Agreement, approved by the Court on December 5, 2002, when Great America Leasing Corporation is a third party beneficial to the Stipulation?

**ISSUE ABANDONED**

**ISSUE #4**

Does this Bankruptcy Court have jurisdiction over the Stipulation and Settlement Agreement, approved by the Court on December 5, 2002, when Great America Leasing Corporation's rights in its collateral have been governed and otherwise  prejudiced by the Stipulation?

**ANSWER: YES**

## ARGUMENT

### I)    STANDARD OF REVIEW

A District Court may hear an appeal from the Bankruptcy Court if the Order appealed from is a "final order" creating an appeal by right. *See*, <u>In re Bertoli, 58 Bankr.992 (D.N.J. 1986) aff'd 812 F.2d 136 (3d. Cir. 1987)</u>.  The Order of the Bankruptcy Court dated June 12, 2002 is in fact a final order. (See Record #3). The matter for Appellant had concluded, and there were no further avenues in which to pursue.  In this role, the District Court can only disturb the factual findings of the Bankruptcy Court if they are clearly erroneous. *See*, <u>J.P. Fyfe, Inc of Florida v. Bradco Supply Corp., 891 F.2d 66 (3d Cir. 1989)</u>. The Bankruptcy Court's legal findings are subject to plenary review. <u>Matter of Glen Properties, 168 Bankr. 537 (D.N.J. 1993)</u>. When reviewing a matter which is committed to the discretion of the Bankruptcy Court, the District Court may only determine whether or not the Bankruptcy Court abused its discretion. <u>In re Vertientes, 845 F.2d 57 (3d. Cir. 1988)</u>.

### II)    DISCUSSION

#### A)    The Bankruptcy Court had Jurisdiction to hear Appellant's Motion

The Bankruptcy Court did have jurisdiction to hear Appellant's Motion to Modify the Stipulation, (See Record #2)  and abused its discretion by its failure to allow the matter to go to hearing. Appellant does not disagree with the law cited by the Court, specifically with its reference to <u>In re Pacor, Inc 743 F.2d 984 (3d Cir. 1984)</u> and <u>In re Marcus Hook Development Park, Inc., 943 F.2d 261 (3d Cir. 1991)</u>.  The <u>Pacor</u> test, cited and followed by

11

In re Marcus Hook, states that the determination of whether a civil proceeding is related to the bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in Bankruptcy. Pacor, 743 F.2d at 994. In the present matter, this Bankruptcy Court's error was in its failure to recognize that the Bankruptcy matter was still pending before it. Furthermore, even though the dispute involved the first lien holder, who now had a deed in lieu of the premises, that deed did not include the ownership of the Equipment, which still rested with the Appellant. Pursuant to Debtor's Plan, said Equipment, or collateral, was to be returned to the Appellant in satisfaction of part of the secured claim with the remaining deficiency to be deemed a Class 4 claim. These facts prove that the issue of the Equipment would have a major impact on the estate being administered by the Bankruptcy Court. *See,* Pacor, *supra.* Since Republic Bank was not permitting Appellant the right of access to reclaim its Equipment from the Subject Premises, said Debtor, in turn, would not be able to comply with parts of the Plan.

**B)    The Stipulation Provided that the Bankruptcy Court would retain Jurisdiction.**

The Bankruptcy Court, in its December 5th Order, (See Record #1), specifically stated that it would retain jurisdiction over the parties in this matter.

> ….ORDERED, that this Court shall retain jurisdiction over the parties to resolve any disputes which may arise with respect to the interpretation and Enforcement of the terms and conditions of the Stay Stipulation.

(See Record #1).

Clearly Republic Bank's failure to abide by the Stipulation was an issue of enforcement, one that would undoubtedly have an effect on the performance of the Plan by the Debtor.

While it is agreed, as cited by the Bankruptcy Court, that judicial power cannot be invoked by Stipulation, *see*, <u>Sosna v. Iowa, 419 U.S. 393 (1975)</u>, it was the Bankruptcy Court's decision to retain jurisdiction, not the parties. However, jurisdiction in Bankruptcy Court is deemed continuing until some action is taken which would necessitate the relinquishment of jurisdiction. *See*, <u>In re Oakes, 129 Bankr.477 (Bankr.N.D. Ohio. 1991)</u>.   If the Bankruptcy Court did not intend to provide a forum for enforcement of the Stipulation, same should have been specifically stated in the Stipulation. Instead, Appellant, a beneficiary to part of the Stipulation, was without recourse in the one forum where the violation of the Stipulation had the greatest effect.

   C)    **Appellant was Prejudiced by the Bankruptcy Court's Failure to Hear Appellant's Motion to Modify Stipulation.**

Upon recording the deed in lieu of foreclosure, both Republic Bank and Appellant conducted their subsequent actions based on the language of the Stipulation, and it was upon that language in which Appellant moved for action by the Bankruptcy Court. The Stipulation specifically stated that Appellant :

> shall remove the Kitchen Equipment within twenty (20) days of a written request from Republic or thereafter, the Kitchen Equipment will be deemed abandoned to Republic (free and clear of any claims of GLC and WH).

Appellant was in jeopardy of losing its rights in the Equipment, and as the date for the removal of the equipment was set at June 14, 2002. It was not unfathomable for Appellant to go to the Bankruptcy Court to secure its rights, for this was the Court that confirmed Appellants rights in the Stipulation. Since the Bankruptcy matter was still pending and the issue involved a Stipulation confirmed and approved by the Bankruptcy Court, no state court could conceivable

13

hear the issue. If the Bankruptcy Court does not have jurisdiction and a state court could not hear the issue, Appellant queries how and in what manner can the Stipulation could have been enforced, even though the parties at issue have been governed by that same Stipulation. [6] The Bankruptcy Court has effectively prevented Appellant from not only enforcing its rights under the Stipulation, but from enforcing its right pursuant to the Order for Relief [7], as well as preventing the Debtor from effectuating its Plan.

---

[6] It is interesting that Republic Bank has now taken the position that Appellant has indeed abandoned the equipment as provided in paragraph ¶6 of the Stipulation, even though Appellant has never been given a reasonable opportunity to reclaim its equipment on the Subject Premises.

[7] There have been many holdings which this Circuit follows, which clearly confirm that a Motion for Relief does not remove the creditor or the subject property from the estate, nor divest the Bankruptcy Court of jurisdiction. *See*, Maislin Industries, U.S. Inc., v. A.J. Hollander, 69 Bankr. 771 (E.D. Mich. 1986), Matter of Nebel, 175 Bankr. 306 (Bankr.D. Neb. 1994); and Oakes, *supra*. *all cited by* In re B.S. Livingston & Co., Inc., 186 B.R. 841 (N.J. 1995).

**III)    RELIEF SOUGHT**

It is evident that the Bankruptcy Court had jurisdiction over Appellant's Motion and over the matter, however there has never been a  hearing before the Court. Therefore, Appellant requests this Honorable Court to remand this matter back to Bankruptcy Court for a full hearing to determine what effect of Republic Bank's failure to abide by the Stipulation will have on the Bankruptcy Estate as well as Debtor's ability to comply with the Plan.

Respectfully Submitted,
JOANN NEEDLEMAN, P.C.

_____
JOANN NEEDLEMAN, ESQ.

Date: July 30, 2002

15