IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | |
| GREAT AMERICAN LEASING CORPORATION | : | 02-CV-4646 |
| | : | |
| | : | |

**ORDER**

**AND NOW**, this _____ day of December 2002, appellant's petition (docket entry #1) is **GRANTED.** The Bankruptcy Court's Order of June 12, 2002 is **REVERSED** and **REMANDED** back to Bankruptcy Court for a hearing on appellant's Motion for Modification of the Stipulation.[1]

---

[1] The bankruptcy judge is correct that parties cannot stipulate and create subject matter jurisdiction where none exists. The judge is also correct that a bankruptcy court's jurisdiction is grounded in statute and extends, at its most remote nexus, only to proceedings which are "related to" the underlying bankruptcy case. See, 28 U.S.C. §157(b); Celotex v. Edwards, 514 U.S. 300 (1995); Pacor, Inc. v. Higgins, 743 F. 2d 984, 994 (3d Cir. 1984)(test for determining "relatedness" is whether outcome of proceeding could conceivably have any effect on estate being administered in bankruptcy). In this case, however, I find that the bankruptcy court has subject matter jurisdiction over the instant proceeding because it is related to the underlying case being administered in bankruptcy. 28 U.S.C. § 1334(b).

In its December 4, 2001 Order approving and incorporating the Stay Stipulation and Settlement Agreement, the bankruptcy court expressly retained jurisdiction over this matter "to resolve any disputes which may arise with respect to the interpretation and enforcement of the terms and conditions of the Stay Stipulation." See, Record at 5. A breach of the stipulation is a violation of the order, and the court retains ancillary jurisdiction to enforce the stipulation and order. See, Washington Hospital v. White, 889 F. 2d 1294, 1298-99 (3d. Cir. 1989)("[a]lthough a district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute, a stipulated agreement signed by the court does allow a district court to retain jurisdiction"); Halderman v. Pennhurst State School & Hosp., 901 F. 2d 311, 317 (3d Cir. 1990)(finding district court retained jurisdiction where court not only approved stipulated settlement agreement, but incorporated it into order); Kieslich v. USA, 243 B.R. 871 (D. Nev. 1999)(holding that although parties to action cannot stipulate and create subject matter jurisdiction, where action relates to underlying bankruptcy action, bankruptcy court can retain jurisdiction through order and stipulation).

                                                                       _____
                                                                       ANITA B. BRODY, J.

Copies FAXED on          to:                    Copies MAILED on          to: